## The United States, Appellants, *v.* Cruz Cervantes.

The court again decides (as in United States *v.* Reading, page 1) that it was the duty of the governor of California, and not that of the grantee, to submit a grant of land to the departmental assembly.

And, moreover, when the case was submitted, and a committee reported in favor of the grant, but no final action appeared to have been had upon the matter, the grantee should have the benefit of the presumption of a decision in his favor.

It again decides, as in the preceding case of Arguello *v.* The United States, that the ten littoral leagues spoken of in the regulations of 1824 and 1828, do not mean prohibition of grants of land to native citizens for their own use.

The title to lands held by the missions of California, was never vested in the church, which had only an usufruct in them; and in the present case, the mission assented to the grant in question.

The 17th section of the regulations of 1828 has no application to the present case.

Also, in 1833 and 1834, the government of Mexico passed laws to secularize the missions.

THIS was an appeal from the district court of the United States for the northern district of California.

The nature of the claim is stated in the opinion of the court.

The decree of the district court was as follows :—

This cause came on to be heard at the above-stated court, on the transcript and evidence and the arguments of counsel for the United States, and for the claimant Cruz Cervantes being. It is hereby ordered, adjudged, and decreed, that the decision and decree of the board of commissioners, for the ascertainment and settlement of private land claims in claim of the appellant, Cruz Cervantes, be and the same is hereby confirmed, to the extent of two square leagues or sitios de ganado mayor, and for no more ; being the same land described in the grant and expediente referred to therein, and of which judicial possession was given to him, as appears by the evidence ; provided that the said quantity to him granted and now to him confirmed, be contained within the boundaries called for in said grant, and map to which the grant refers, and, if there be less than two square leagues, or sitios de ganado mayor, within the said bounds, then there is confirmed to him the said less quantity.

M. H. M'ALLISTER, *Circuit Judge.*<br>
OGDEN HOFFMAN, JR., *District Judge.*

From this decree, the United States appealed to this court.

It was argued by *Mr. Cushing*, (attorney-general,) for the United States, and by *Mr. Jones*, for the appellee.

Mr. Justice GRIER delivered the opinion of the court.

The appellee, Cruz Cervantes, having complied with the provisions required by law, obtained a grant from Nicholas Guterriez, then governor of California, " of a parcel of land known by the name of San Joaquin, bounded on the north by San Felipe, on the south by Santa, on the west by the plain of San Juan, and on the east by the hills of the same name," containing the quantity of two leagues.

This concession, dated April 1, 1836, was presented to the departmental assembly for confirmation. The committee reported in favor of the grant—" on the 12th of July it was returned to the committee for its reformation." This concludes the expediente as certified from the archives. It does not appear whether any further action was taken on the subject by the assembly ; nor do the books exist among the archives from which any further facts can be ascertained.

The land granted was reported to be within the ten littoral leagues, and as having at one time appertained to the mission of San Juan Bautista—on a reference of the expediente made to the steward of the mission, their consent was certified, that " the place to be adjudicated to the petitioner so far as the hills, without touching the oak grove," &c.

Within the space of two years Cervantes entered on the land, built on it, and cultivated it, and continues so to do. On the 10th of February, 1841, juridical possession was delivered to him by metes and bounds with the customary formalities.

The objections to the validity of this grant are: 1. That it was not approved by the departmental assembly. 2. That the land is within the ten littoral leagues. 3. That it belonged to a mission, and it was therefore unlawful to grant it.

1. The first objection, if true in fact, has been disposed of by this court in the case of United States *v.* Reading, decided at this term. Besides, so far as the archives show any action of the assembly on this grant, it is an approval of it; and as there is no evidence that it was rejected or annulled, or any further report made on it, the grantee should have the benefit of the presumption of a decision in his favor.

2. The objection that the land lies within the ten littoral leagues, has just been disposed of, in the case of The United States *v.* Arguello.

3. As to the objection that the land had belonged to the mission.

The large tracts of land appurtenant to the mission establishments, were never vested in the church, or any other corporation or individual, by any grant of a legal title. The missionaries and Indians had an usufruct or occupancy of the land, at the will of the sovereign. The record shows, that though the lands now in question had formerly been occupied by the mission, they were not so at the time this grant was made. It was made, also, with the assent of the mission, who set up no claim to further occupancy.

The 17th section of the regulations of 1828 forbid lands " occupied" by missions from being made the subject of " colonization grants for the present," &c., and can therefore have no application to lands not so occupied, and not made the subject of " colonization." Besides, in 1833 and 1834, the government of Mexico passed laws to secularize the missions; since which time, the public authorities have granted these lands to individuals in the same manner as other public lands; as has been decided by this court in the case of United States *v.* Ritchie, 17 How. 525.

The judgment of the district court is, therefore, affirmed.


Mr. Justice DANIEL dissented.

For the reasons of his dissent see the preceding case of Arguello *v.* The United States.